¶¶

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80026-CR-CANNON

**UNITED STATES**

**vs.**

**ALIREZA HENDIJANI, et al**

     **Defendants**

                                      /

## DEFENDANT SANTIAGO'S OBJECTIONS AND MOTION FOR DOWNWARD VARIANCE

1.      On August 6, 2021, the defendant pled guilty to one count of a five-count Indictment. Count One charged conspiracy to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(vi).

2.      A presentence investigation was conducted, and a Draft Report ("PSR") made available on September 17, 2021.

### THE ADVISORY GUIDELINE CALCULATION

3.      According to the PSR, Santiago has an adjusted offense level of 34 and a criminal history category of VI. However, because of his prior criminal record and career offender status, the offense level became 37 under USSG §4 B1.1(b)(3) with a criminal history category of VI. [PSR, ¶¶ 99; 178].

4.      Santiago faces a mandatory minimum of ten years. [¶177].

5.      Santiago is expected to receive a three-level reduction in his offense level for acceptance of responsibility thereby reducing his offense level to 34. [PSR, ¶ 100-101]. As a result of this reduction, Santiago faces an advisory guideline term of imprisonment of 262 to 327 months. [PSR, ¶178].

**6.**      Under the plea agreement, the parties agreed to recommend that the sentence in this case run concurrent to the sentence imposed in the supervised release violation in case number 9:10-cr-80098-RAR [D.E.105, ¶7(b)]. Under the plea agreement, the defendant agreed not to ask the Court for a sentence of imprisonment lower than 180 months. [D.E.105, ¶7(b) and (c)].

## OBJECTIONS TO DRAFT PRESENTENCE REPORT

7.      In his Factual Proffer, Santiago accurately stated his involvement in the conspiracy alleged in the Indictment. [D.E.105].

8.      The PSR inaccurately alleges Sanitago sold fentanyl (¶¶ 7; 79) that he picked up as directed by defendants Hendijani and/or Roman and that he sold fentanyl to defendants and co-conspirators Navarro, Esquer, Ruelas and Topete. (¶¶ 53-59; 79, 80, 81, 85 and 86.)

9.      Video surveillance captured the transaction described in ¶¶ 53-59, and nothing was given to Santiago in exchange for what he delivered. Santiago was a courier in the transaction as stated in his Factual Proffer and was acting at the direction of defendants Hendijani and/or Roman.

10.      Paragraph 79 is inaccurate. Roman and Grauer supplied Hendijani with orders and provided mailing addresses for shipments to be mailed or picked up by Defendants Roman, Santiago and Grauer.

11.      Santiago objects to ¶ 83 insofar as it alleges he would retrieve mailed parcels in Palm Beach County containing heroin, fentanyl or a mixture of the two, sell them and return the cash to

Hendijani, which was not alleged in his Factual Proffer. To the contrary, Santiago admits the

conduct contained in his Factual Proffer which included *inter alia*, his pickup and delivery of

heroin, fentanyl, or a mixture of the two, to addresses or individuals directed by defendants

Hendijani and/or Roman.

12.     Although the issue may be moot since Santiago is a career offender because he was

released from prison for drug trafficking offenses in 2006, he should be given a minor role

adjustment under USSG §3 B1.2. Alternatively, whether he receives a minor role adjustment or not,

Santiago's role in comparison to that of his codefendants should be considered in connection with

his Motion for Downward Variance.

13.     In ¶83 of the PSR, it is alleged that Santiago is responsible for at least 4 kg but less

than 12 kg of heroin.

14.     Under the Factual Proffer, Santiago admitted to individual involvement in

transactions of 3 kg of fentanyl. However, he is being responsible for more than his direct

involvement (i.e., at least 4 kg but less than 12 kg of heroin.)

15.     Santiago was not a planner, leader or supervisor and there is no readily provable

evidence indicating he was more than a courier who picked up and delivered heroin and fentanyl

when and where he was directed by defendants Hendijani and Roman. *United States v. De Varon*,

175 F.3d 930, 943-44 (11th Cir. 1999) ("To reiterate, in determining a defendant's role in the

offense, a district court must measure the defendant's role against the relevant conduct attributed to

her in calculating her base offense level. This methodology is essential to any evaluation of

mitigating role. Only if the defendant can establish that she played a relatively minor role in the

conduct for which she has already been held accountable — not a minor role in any larger criminal conspiracy — should the district court grant a downward adjustment for minor role in the offense.")

16.     Santiago also objects to ¶188 which states "The Probation Officer has not identified any factors that may warrant a departure or a variance." Regardless of career offender status and whether Santiago should receive a mitigating role adjustment under USSG §3 B1.2, Santiago is far less culpable than his codefendants and his reduced culpability should be reflected by the granting of a downward sentencing variance.

**SANTIAGO'S MOTION FOR VARIANCE FROM THE ADVISORY GUIDELINE RANGE**

17.     The foregoing paragraphs are incorporated by reference.

18.     In determining a reasonable sentence, the Court must not only consider the sentencing guidelines but also the factors set forth in 18 U.S.C. §3553(a). The factors set forth in §3553(a) include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;(2) the need for the sentence imposed--
(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;(B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;(3) the kinds of sentences available;(4) the advisory guideline range;(5) any pertinent policy statements issued by the Sentencing Commission;(6) the need to avoid unwarranted sentence disparities; and(7) the need to provide restitution to any victims of the offense.

19.     While the need to afford adequate deterrence is an important factor in determining a reasonable sentence under 18 U.S.C. §3553(a), the advisory guideline sentence is greater than necessary to accomplish the purposes of sentencing under 3553(a), even where the revocation sentence is concurrent with the sentence given in this case.

20.    Santiago believes the findings in the PSR concerning his history and characteristics (his age, extent of his education, health, background, family history, substance abuse, environment, and life experience) support a downward sentencing variance in this case despite the seriousness of his crime and his criminal history. [¶¶ 139-60].

21.    Santiago also believes, regardless of his career offender status and whether he should receive a mitigating role adjustment under USSG §3 B1.2, he is far less culpable than his codefendants and his reduced culpability should be reflected by the granting of the downward sentencing variance.

22.    Santiago also believes that his conditions of pretrial confinement have been far more restrictive and onerous as a result of the Covid 19 pandemic, and his ultimate sentence should reflect the atypical conditions of pretrial confinement he suffered.

23.    Counsel intends to file a sentencing memorandum in support of any unresolved objections and his motion for downward variance once the probation office files its addendum and final presentence report.

WHEREFORE, this Court should grant Santiago's Objections as well as his Motion for a downward variance under §3553(a) in determining a reasonable sentence.

Respectfully Submitted,

s/JAMES A. SWETZ
James A. Swetz, Esq.  (Florida Bar Number 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Emilio Santiago

<u>**CERTIFICATE OF SERVICE**</u>

I, James A. Swetz, Esquire, Attorney for Defendant, hereby certify that I served a copy of the foregoing on October 1, 2021 by electronic delivery via the Court's ECF system upon all parties entitled to receive the filing.

Respectfully Submitted,

s/**JAMES A. SWETZ**
James A. Swetz, Esq.  (Florida Bar Number 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Emilio Santiago