¶¶

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-80026-CR-CANNON

**UNITED STATES**

vs.

**ALIREZA HENDIJANI, et al**

    **Defendants**

_____/

## DEFENDANT SANTIAGO'S AMENDED OBJECTIONS AND MOTION FOR DOWNWARD VARIANCE

1. On August 6, 2021, the defendant pled guilty to one count of a five-count Indictment. Count One charged conspiracy to possess with intent to distribute 400 grams or more of fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(vi).

2. A presentence investigation was conducted, and a Draft Report ("PSR") made available on September 17, 2021.

## THE ADVISORY GUIDELINE CALCULATION

3. According to the PSR, Santiago has an adjusted offense level of 34 and a criminal history category of VI. However, because of his prior criminal record and career offender status, the offense level became 37 under USSG §4 B1.1(b)(3) with a criminal history category of VI. [PSR, ¶¶ 99; 178].

4. Santiago faces a mandatory minimum of ten years. [¶177].

5. Santiago is expected to receive a three-level reduction in his offense level for acceptance of responsibility thereby reducing his offense level to 34. [PSR, ¶ 100-01]. As a result of this reduction, Santiago faces an advisory guideline term of imprisonment of 262 to 327 months. [PSR, ¶178].

6. Under the plea agreement, the parties agreed to recommend that the sentence in this case run concurrent to the sentence imposed for the supervised release violation to case number 9:10-cr-80098-RAR [D.E.105, ¶7(b)].

7. Under the plea agreement, the defendant agreed not to ask the Court for a sentence of imprisonment lower than 180 months. [D.E.105, ¶7(b) and (c)].

## OBJECTIONS TO PSR

8. In his Factual Proffer, Santiago accurately stated his involvement in the conspiracy alleged in the Indictment. [D.E.105].

9. Santiago amends his original filing of objections and states no objection to the PSR except any possible objection to career offender status that may occur once the government files its certified copies of the predicate convictions supporting Santiago's career offender status as ordered by the Court [D.E.151] and except for grounds supporting a downward sentencing variance.

10. Santiago also believes, regardless of career offender status, he is less culpable than his codefendants and his reduced culpability should be reflected by the granting of a downward sentencing variance.

## SANTIAGO'S MOTION FOR VARIANCE FROM THE ADVISORY GUIDELINE RANGE

11. The foregoing paragraphs are incorporated by reference.

12. In determining a reasonable sentence, the Court must not only consider the sentencing guidelines but also the factors set forth in 18 U.S.C. §3553(a). The factors set forth in §3553(a) include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;(2) the need for the sentence imposed--
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;(B) to afford adequate deterrence to criminal conduct;(C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;(3) the kinds of sentences available;(4) the advisory guideline range;(5) any pertinent policy statements issued by the Sentencing Commission;(6) the need to avoid unwarranted sentence disparities; and(7) the need to provide restitution to any victims of the offense.

13. While the need to afford adequate deterrence is an important factor in determining a reasonable sentence under 18 U.S.C. §3553(a), the advisory guideline sentence is greater than necessary to accomplish the purposes of sentencing under 3553(a), even where the revocation sentence is concurrent with the sentence given in this case.

14. Santiago believes the findings in the PSR concerning his history and characteristics (his age, extent of his education, health, background, family history, substance abuse, environment, and life experience) support a downward sentencing variance in this case despite the seriousness of his crime and his criminal history. [¶¶ 139-60].

15. Santiago also believes, regardless of his career offender status, he is less culpable than his codefendants and his reduced culpability should be reflected by the granting of a downward sentencing variance.

16. Santiago also believes that his conditions of pretrial confinement have been far more restrictive and onerous as a result of the Covid 19 pandemic, and his ultimate sentence should reflect the atypical conditions of pretrial confinement he suffered.

17. Counsel intends to file a sentencing memorandum in support of his motion for downward variance and a sentence less that the advisory guideline sentence once the probation office files its addendum and final presentence report.

**WHEREFORE,** this Court should sentence Santiago to a sentence less that the advisory guideline sentence.

Respectfully Submitted,

**s/JAMES A. SWETZ**
James A. Swetz, Esq. (Florida Bar Number 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Emilio Santiago

## CERTIFICATE OF SERVICE

I, James A. Swetz, Esquire, Attorney for Defendant, hereby certify that I served a copy of the foregoing on October 6, 2021 by electronic delivery via the Court's ECF system upon all parties entitled to receive the filing.

    Respectfully Submitted,

s/**JAMES A. SWETZ**
James A. Swetz, Esq.  (Florida Bar Number 0893668)
Attorney Email Address: jaswetz@jaswetzlaw.com
2312 Wilton Drive, Ste 23
Wilton Manors, Fl. 33305
(Tel.) 954-800-6450
Attorney for Defendant Emilio Santiago