UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| EMILIO SANTIAGO, | ) | |
| Defendant/Petitioner, | ) | |
| -vs- | ) | 9:21CR80026 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff/Respondent, | ) | |
| | ) | |

DEFENDANT'S MOTION TO VACATE AND OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. 2255 AND MEMORANDUM OF FACTS AND
LAW IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. 2255

COMES NOW, Mr. Emilio Santiago, pro se [herein after "Movant"] and respectfully moves the Court to Vacate and/or Correct his sentence under 28 U.S.C. § 2255. Movant incorporates a memorandum of facts and law in support of the requested relief.

STATEMENT OF THE CASE

Movant plead guilty to one count of a five count INdictment. Namely, Movant plead guilty to Count One which charged Conspiracy to Posses With Intent to Distribute 400 grams or more of Fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)( ). Movant waived all rights conferred by 18 U.S.C. § 3742 to appeal and did not seek an appeal. Movant comes here seeking post conviction relief pursuant to 28 U.S.C. § 2255(a). In summary, Movant argues he was denied effective counsel at sentencing in violation of his rights provided by the Sixth Amendment to the U.S. Constitution. Movant's motion is timely under 28 U.S.C. § 2255(f)(i).

## STATEMENT OF FACTS

### A) PROCEDURAL HISTORY

An indictment was filed on 02/18/2021 (D.E. 44). A change of plea from not guilty to guilty was referenced on 07/14/2021. The plea agreement was filed on 08/09/2021 (D.E. 107). The pre-sentence report was filed on 09/17/2021 (D.E. 136) and the final addendum was filed on 10/15/2021. A sentencing hear was held and a Judgement was entered on 10/22/2021 (D.E. 173 and 174). Movant did not file a direct appeal. Finally proceeds under 28 U.S.C. § 2255 here.

### B) SUBSTANTIAL FACTS

Movant was determined to be a Career Offender pursuant to United States Sentencing guidelines (USSG) Section 4B1.1. Pre-sentence Investigation Report (PSI)(D.E. 136)[1]/¶99. This determination was based on the instant offense of a violation of 18 U.S.C. Section 856 Conspiracy to Violate 18 U.S.C. § 841(a) and two (2) prior drug offenses committed under Florida State Criminal Code. Id @ 99. Namely: Sale of Cocaine, Docket No. 2001-CF-6895 (PSI ¶ 99) and Sale of Cocaine in Docket No. 2002-CF-13898 Id and Possession with Intent to Distribute a Controlled Substance in Docket No. 9:10CR80098. In consequence Movant's base offense level was 37 . U.S.S.G. § 4B1.1(b)(1) reduced to 34 for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) & (b) in accordance with the plea agreement. Resulting in a guideline range of (262-327) see sentencing table @ offense level 34, criminal history category VI.

---

[1]/ "DE" references Documents filed in Criminal Case Number 9:21CR80026 in the United States District Court for the Southern District of Florida.

Not withstanding the application of the Career Offender enhancement, Movant's offense level was 34 (PSI ¶ 93), pursuant to § 2D1.1(c)(3) and § 2D1.1(a)(5). Reduction for acceptance of responsibility resulted in an adjusted and total offense level of 31. Movant would determined to be a criminal history category VI absent the career offender provision resulting in a guideline range of (188-235). In other words, applying the career offender enhancement resulted in a 74 month increase in the low end of the guideline range.

At sentencing, Movant's counsel did not object to the career offender enhancement application.

## GROUNDS WARRANTING SECTION 2255 RELIEF

**Movant Was Denied Effective Counsel at Sentencing In Violation of the Sixth Amendment to the United States Constitution.**

## LEGAL ANALYSIS
### A) Section 2255

Pursuant to Section 2255(a) a prisoner in custody under the sentence of a Court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. Constitution or the laws of the United States, or that the Court was without jurisdiction to impose such sentence. Or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside or correct the sentence.

### B) EFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecution. <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003)(per curiam). To prevail on a claim of ineffective counsel, Movant must prove that: (1) Counsel's performance "fell below an objective standard of reasonableness" <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984) and (2)

Counsel's deficient performance prejudiced Movant resulting in an unreliable or fundamentally unfair outcome in the proceeding. <u>See</u> <u>Id.</u> @ 466 U.S. 687, 69, 92. <u>See also</u> <u>Glover v. United States</u>, 531 U.S. 198 (2001)(applying Strictland to miss-application to United States Sentencing Guidelines). Movant's failure to satisfy either prong of the test defeats the entire claim. <u>Strickland</u> 466 U.S. at 697 see e.g. <u>Harris v. Comm'r Ala Dep't Corr.</u> 874 F.3d 682, 689 (11th Cir. 2017)(ineffective assistance claim dismissed when counsel's performance was deficient but defendant failed to show prejudice). In deciding whether counsel's performance was ineffective, a Court must consider the totality of the circumstances. <u>Strickland</u> 466 U.S. at 690.

Under the performance prong, there is a presumption that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance" <u>Strickland</u>, 466 U.S. at 689. <u>But see</u> <u>Cornell v. Kirkpatrick</u>, 665 F.3d 369, 379-80 (2nd Cir. 2011)(counsel's failure to object to improper trial venue unreasonable because neither part of strategy not a result of thorough research).

In interpreting the prejudice prong, the Supreme Court has identified narrow categories in which prejudice is presumed. However, if prejudice is not presumed the Movant must show that counsel's errors were prejudicial and deprived the defendant of a [fair proceedings] a [proceeding] whose result is reliable. <u>Strickland</u>, 466 U.S. at 687. This burden is met by showing a reasonable probability that the outcome of the proceeding would have been diferent but for counsel's errors. <u>Id</u> 466 U.S. at 694. See e.g. <u>United States v. Shepherd</u>, 880 F.3d 734, 744, 746 (5th Cir. 2018)(Finding but for counsel's failure to examine the applicable case law, reasonable probability that defendant would have had viable defense). Courts have recognized ineffective claims concerning counsel's professional qualifications and performance at relevant part: sentencing. <u>See e.g.</u>, <u>Glover v. United States</u>, 531 U.S. 198, 203-04 (2001)(finding counsel's alleged error at

sentencing resulting in 6 to 21 month sentence, could be sufficiently prejudicial to constitute ineffective assistance provided counsel's performance was unreasonable).United States v. Carthorne, 878 F.3d 458, 467-69 (4th Cir. 2017)(Finding counsel's failure to object to defendant's designation as a "career offender" was ineffective assistance because , but for counsel's error, there was a reasonable probability defendant would have received a shorter sentence). United States v. Herrera, 412 F.3d 567, 578 (5th Cir. 2005)(Finding counsel's failure to understand sentencing guidelines was ineffective because counsel underestimated sentencing exposure by 27 months). Ramirez v. United States, 799 F.3d 845, 855 (7th Cir. 2015)(Finding counsel's failure to object to classification of defendant as a career offender was ineffective assistance because counsel should have known that 2 convictions were suspect and should have tried to obtain conviction records).

The courts have also applied the right to effective counsel to performance on appeal. See e.g. United States v. Reinhart, 357 F.3d 521, 530-31 (5th Cir. 2004); United States v. Skurdal, 341 F.3d 921, 927-28 (9th Cir. 2003)(Finding counsel's failure on appeal to present non-frivolous issues "supported by citations...." was ineffective assistance of counsel.

## SUMMARY OF THE ARGUEMENT

In summary, Movant argues that he was denied effective assistance of counsel, when counsel failed to challenge the application of the career offender enhancement based on substantial precedent that was not binding but provided substantial building blocks for a legal challenge. Furthermore, that he was denied effective counsel on appeal when counsel failed to advance a legal challenge to the career offender as discussed below.

## ARGUMENT
### A. INTRODUCTION

Under the correct application of the United States sentencing
guidelines, Movant is not a career offender. Moreover, substantial
precedent provides sound building blocks for a challenge to Movant
being sentenced as a career offender. Movant's counsel was
incompetent applying an objective review for not challenging the
career offender enhancement. Of equal importance, counsel's
incompetence prejudiced Movant. In other words, applying the
Strickland standard discussed above, Movant was denied his
constitutional right to effective counsel at sentencing and on
appeal.


DISCUSSION
 A) MOVANT DOES NOT QUALIFY AS A CAREER OFFENDER UNDER USSG § 4B1.1
Correctly applying the guidelines to Movant's instant offence and
prior offense's does not qualify those offenses as "controlled
substance offense" as defined under USSG § 4B1.2(b). Therefore,
Movant should not have been sentenced as a career offender.

Pursuant to USSG § 4B1.1 of the guidelines, a defendant is a career
offender if, among other factors, the defendant committed an
instant offense and has at least two prior convictions - at
relevant part - that qualify as a "controlled substance offense"
USSG § 4B1.1(a). The term "controlled substance offence" is defined
at U.S.S.G. § 4B1.2 which provides:
> USSG § 4B1.2(b)
> (b) The term "controlled substance offense" means an offense
> under federal or state law, punishable by imprisonment for a
> term exceeding one year, that prohibits the manufacture, import
> export, distribution, or dispensing of a controlled substance
> (or a counterfeit substance) with intent to manufacture, import
> export, distribute, or dispense.

When addressing whether a prior conviction triggers a guideline sentencing enhancement courts use the categorically approach. Looking only to the fact of conviction of the offense. The point of the categorical inquiry is not to determine whether the defendant's conduct could support a conviction for a predicate or instant offense, but to determine whether the defendant was infact convicted of a crime that qualifies as (at relevant part) a controlled substance offense. In other words, it is a statutory approach not a conduct approach. There cannot be a dispute that a violation of 21 U.S.C. § 841(a) qualifies as a "controlled substance offense" however, Movant plead guilty to a stand alone count of conspiracy to commit a violation of § 841(a). Therefore, the question one must answer is: whether a offense of "conspiring" to commit a crime under § 841(a) is a controlled substance offense. The answer it does not for two (2) substanial reasons.

1.) Section 4B1.2 Does Not Include "Conspiracy" as a Controlled Substance

Employing the Categorical approach, the court must not consider the actual conduct that led to Movant's conviction under 21 U.S.C. § 846, instead, the court must look to the least of the acts criminalized by the elements of that statute. Moncrieffe V. Holder, 569 U.S. 184, 190-91 (2013). If the least culpable conduct falls within the guide-lines definition of "controlled substance offense", then the statute categorically qualifies as a controlled substance offense. But if the least culpable conduct falls outside that definition, then the statute is too broad to qualify and Movant is not a career offender. There cannot be a dispute whether 21 U.S.C. § 846 includes "conspiracy". Therefore the question is whether the definition of "controlled substance offense" in § 4B1.2(b) includes "conspiracy". The sentencing commission said it does in the commentary to § 4B1.2(b). See USSG § 4B1.2(b) says nothing about "conspiracy". Applying the guidelines correctly requires that the actual text of guideline § 4B1.2(b) determine the question.

The role of the sentencing commission supports that the actual text rule any question presented as here. Such a interpritation is supporrted by the sentencing commission's role in our constitutional system. Congress created the commission as an independant body "charged [] with the task of establish[ing] sentencing policies and practices for the Federal Criminal Justice System". Stinson V. United States, 508 U.S. 36, 40-41 (1993)(Citation and internal quotation marks omitted) The commission fulfills its purpose by issuing the guidelines, which provide direction to Judges about the type and length of sentences to impose in a given case. Id at 41. Although Judges have some discretion to deviate from the guidelines recommendations, the Justice System procedural rules "nevertheless impose a series of requirements on sentencing courts that cabin the excersize of that discretion". Peugh V. United States, 569 U.S. 530, 543 (2013). A Judge cannot stray from a defendant's guidelines range, for example, without first giving an adequate explanation for the variance. See Id. The Commission thus excersizes a sizable piece "of the ultimate governmental power, short of Capital Punishment" - the power to take away someone's liberty. United States V. Winstead, 890 F.3d 1082, 1092 (D.C. Cir. 2018) (Citation Omitted).

That power is ordinarily left to two branches of government - first to the legislature, which creates a range of statutory penalties for each federal crime, and then to Judges, who sentence defendants within the statutory framework. But the commission falls squarely in neither the legislative nor the judicial branch; rather, it is "an unusual hybrid in structure and authority", entailing elements of both quasi-legislative and quasi-judicial power. Mistretta V. United States, 488 U.S. 361, 412 (1989). In Mistretta, the supreme court explained how the commission functions in this dual role without disrupting the balance of authority in our constitutional structure. Although the commission is nominally a part of the judicial branch, it remains "fully accountable to congress" which reviews each guideline before it takes effect. Id at 393-94 See also 28 U.S.C. § 994(p). The rulemaking of the commission, moreover, "is subject to the notice and comment requirements of the Administrative

Procedure Act" Id at 394; See also 28 U.S.C. § 994(x). These two constraints - congressional review and notice and comment - stand to safeguard the commission from uniting the legislative and judicial authority in violation of the separation of powers.

Unlike the guidelines themselves, however, commentary to the guidelines never passes through the gauntlets of Congressional review or notice and comment. That is also not a problem, the supreme court explains because commentary has no independant legal force - it serves only to interpet the guidelines text. not to replace or modify it. See Stinson, 508 U.S. at 46: See also United States V. Rollins, 836 F.3d 737, 742 (7th Cir. 2016)(en banc)(Finding "the application notes are interpretations of not additions to, the guidelines themselves...."). Commontary binds courts only "if the guideline which the commentary interprets will bear the construction". Stinson, 508 U.S. at 46 thus, courts need not accept an interpretation that is plainly erroneous or inconsistent with the corresponding guideline. Id at 45 (Citation omitted). In finding Movant a career offender here the court relied on historical precedent which in summary circumvents the sentencing commission's accountability to Congress. To do so it relys on a illogical concept that Application Note 1 to § 4B1.2 is not a "plainly erroneous" interpretation of the corresponding guideline. However, the concept sidesteps a threshold question: is this really an "interpretation" at all? The guideline expressly names the crime that qualify as controlled substance offenses under § 4B1.1; none are Conspiracy. And the commission knows how to include attempt [or Conspiracy] crimes when it wants to in subsection (a) of the same guideline, for example, the commission defines "crime of violence" as including offense that have "as an element the use, attempted use, or threatened use of physical force against the person of another". U.S.S.G. § 4B1.2(a) (emphasis added).

To make attempt crimes a part of § 4B1.2(b), the commision did not interpret a term in the guideline itself - no term in § 4B1.2(b) would bear that construction. Rather the commission used Application

Note 1 to add an offense not listed in the guideline. But application notes are to be "interpretations of not additions to, to the guidelines themselves". Rollins, 836 F.3d at 742. If that were not so the institutional constraints that make the guidelines constitutional in the first place, i.e., congressional review and notice and comment, would lose their meaning See Winstead, 890 F.3d at 1092 ("explaining" if the commission wishes to expand the definition of "controlled substance offenses" to include [conspiracy], it may seek to amend the language of the guidelines by submitting the change for congressional review"). The commission's use of commentary to add "conspiracy" to the definition of "controlled substance offense" deserves no deferance. The text of § 4B1.2(b) controls, and makes clear that attempt crimes such as "conspiracy" do not qualify as a controlled substance offenses.

In summary and conclusion in other words, to find Movant as a career offender the court circumvented the constitutional pretects of the guidelines application and violated the separation of powers doctrine, e.g., it allowed the sentencing commission to circumvent the accountability of congress and its review of policies that take away someone's liberty. The court erred in finding Movant a career offender.

2.) A Violation of 21 U.S.C. § 846 Does Not Meet The Definition of "Conspiracy"

Notwithstanding the fact the sentencing commission did an end run around the constitutional protections of the guidelines to amend the guidelines to include "conspiracy", is the fact a violation of § 846 does not qualify as a generic conspiracy as defined under federal law. In other words, pursuant to the categorical approach a violation of § 846 does not qualify as a "conspiracy". The argument here is not whether a violation of 21 U.S.C. § 841(a) is a controlled substance offense to the contrary the question is: whether a violation of section 846 is a controlled substance offense. Accordingly, the determination of whether Movant is a career offender turns on the conspiracy component of Movant's instant offense.

-10-

Because the guidelines do not define "conspiracy" the term should be understood to refer to the generic, contemporary meaning of the crime. See United States V. McCollum, 885 F.3d 300, 307 (4th Cir. 2018). An overt act is an element of the generic definition of conspiracy Id at 308. Comparing the elements of conspiracy under 21 U.S.C. § 846 to this generic definition it is clear that they do not correspond to generic conspiracy. The elements of conspiracy under § 846 require the government to prove only that: "(1) an agreement to [distribute and] possess [a controlled substance] with intent to distribute existed between two or more persons: (2) the defendant knowingly and voluntarily became a part of the conspiracy". United States V. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Unlike generic conspiracy a conviction under § 846 does not require the Government to prove any overt act. United States V. Shaban, 513 U.S. 10, 11 (1994). Instead the "gravamen" of the crime is "an agreement to effectuate a criminal act". Burgos, 94 F.3d at 587 (internal quotation marks omitted) finally, because § 846 does not require an over act. "it criminalizes a broader range of conduct than covered by generic conspiracy". McCollum, 885 F.3d at 309. Accordingly, even if the commission is allowed to unconstitutionally amend the guidelines (which should not be allowed) to include a conspiracy Movant's instant offense cannot support his enhanced sentencing as a career offender because it is not a categorical controlled substance offense. Movant is not a career offender.

3.) Substantial Supreme Court Precedent Support Congress Would Be Disinclined to Amend the Guidelines to Include Enhanced Penalties for Attempt Crimes.

Substantial Supreme Court decisions support that if the sentencing commission had not effectively done an end run around accountability of Congress to approve amendments to the guidelines and presented the proposed amendments to Congress they would not have been approved. The sentencing reform Act of 1984 (Title II of the comprehensive crime control act of 1984) provided for the development of guidelines that will further basic purposes of criminal punishment.

The guidelines are to evolve according to statutes and courts decision and common law. Most importantly, amendments require approval of Congress. Although Congress is tasked with establishing laws, but it is the Supreme Court who interprets and decides the constitutionality of those laws once enacted. The purpose of continuing evolution and role of the guidelines are to establish fair and uniform sentencing practices. Thus, it stands to reason in approving amendments to the guidelines, Congress would be highly influenced by Supreme Court precedent in determining whether to amend the guideline recently the supreme court indica found that attempt crimes should not be relied on for enhanced penalties under federal statutes See United States V. Taylor, 596 U.S.-(2022). (Finding attempted Hobbs Act robbery is not a crime of violence). Therefore, it stands to reason that Congress would follow the development of common law and decline to include "conspiracy" to qualify for enhanced penalties under the career offender. In other words, the end run around congress to amend the guidelines was prejudical to the constitutional protections incorporated into the guidelines.

4.) Movant's Prior Offenses Do Not Support the Career Offender Enhancement.

Beyond the fact the instant offense will not support the career offender is the fact Movant's historical prior drug offense under Fla. Stat. § 893.13 will not stand up under the categorical approach to qualify as a controlled substance offense. See United States V. Jackson, 2080280 (11th Cir. June 10, 2022) (Finding that cocaine convictions before July 1, 2017 under § 893.13 do not qualify as controlled substance offenses). The eleventh circuit determined Movant is not a career offender by applying the categorical approach.

B.) Movant Was Denied Effective Counsel During Plea Proceedings, Sentencing, and on Appeal when Counsel Failed to Challenge the Career Offender Enhancement

Movant was denied effective counsel during the plea stage, at sentencing and on appeal.

-13-

<u>1.) The Movant was Denied Effective Counsel During the Plea Stage</u>

Courts have settled the fact right to effective counsel applies during plea negotiations. E.g., Lafler v. Cooper, 566 U.S. 156, 162 (2012). To determine if the defendant was denied such courts use the familiar two-part Strickland v. Washington supra, to determine whether counsel's performance fell below the constitutional minimum. Under this rubric counsel was ineffective if both "Counsel's perfor- mance was deficient" and "the deficient performance prejudiced the defense". Id. at 687. The performance issue is whether "counsel" made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment."

Movant is entitled in the least an evidentiary hearing because the records and the motion does not conclusively show that he is entit- led to no relief, 28 U.S.C. § 2255(b).

The court should apply an objective standard of reasonableness considering all the circumstances, Hinton v. Alabama, 571 U.S. 263, 272-73 (2014). Deference must be given to counsel's strategic decisions, but "strategic choices made after less than complete investigation [of law and facts] are reasonable precisely to the e... extent that reasonable professional judgments support the limitations on investigation. In other words, counsel, has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary". Id at 274, Quoting Strickland, 466 U.S. at 6901, "In the plea bargaining context, reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plea guilty". Gaylord v. United States, 829 F.3d 500, 506 (7th Cir. 2016) (quotation omitted); see also Anderson v. United States, 981 F.3d 565, 575 - 76 (7th Cir. 2020)(remanding habeas petition for eviden- tiary hearing where counsel's failure to investigate one available theory of defense before negotiating plea deal could constitute deficient performance). "An attorney's ignorance of a point of law

that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under Strickland", Hinton, 571 U.S. at 274 (describing examples); See Osaqiede V. United States, 543 F.3d 399, 409 (7th Cir. 2008). (finding "all lawyers that represent criminal defendants are expected to know the laws applicable to their client's defense", and where "simple computer research" would turn up those laws, counsel is ineffective for failing to rely on them absent a strategic justification)(cleaned up). See also Cates V. United States, 882 F.3d 731, 736 (7th Cir. 2018)(7th Cir. 2018). (Finding "a mistake of law is deficient performance").

Defense attorneys, it is true are generally not obliged to anticipate changes in law. e.g. Valenzuela V. United States, 261 F.3d 694, 700 (7th Cir. 2018). Yet there are some circumstances where they may be obliged to make, or at least to evaluate, an argument that is sufficiently foreshadowed in existing case law. Shaw V. Wilson, 721 F.3d 908, 917 (7th Cir. 2013) See also United States V. Carthrone, 878 F.3d 458, 465-66 (4th Cir. 2017)(Finding "the ineffective assistance standard may require that counsel raise material issues even in the absence of decisive precedent"). Citing Ramirez V. United States, 799 F.3d 845, 855 (7th Cir. 2015). In this case Movant's counsel failed to investigate or raise a challenge to the career offender enhancement which deprived him of effective counsel.

When Movant was pleading guilty and being sentenced, the categorical approach was of course well-established. See generally Taylor V. United States. 495 U.S. 575, (1990). So was its applicability to the guidelines e.g., United States V. Woods, 576 F.3d 400, 403 (7th Cir. 2009)(establishing "in deciding whether a crime fits USSG § 4B1.2's definition of a crime, the supreme court has instructed lower courts to use a categorical approach"). The overwhelming majority of federal defendants plead guilty. Administrative office of U.S. Courts, Statistical Tables for the Federal Judiciary, Table D-4 (Dec. 31, 2018)(89.9% of federal criminal cases end in guilty plea). And the guidelines remain the "lodestar" of federal sentencing

Molina-Martinez V. United States, 136 S.Ct. 1338, 1346 (2016)
sentencing advocacy, both during plea negotiations and before a
district court, is in most cases the most important task of a federal
criminal defender. Understanding how to interpret the guidelines and
making guideline arguments are core competencies of federal defense
counsel.

Competent counsel would also know that the categorical approach
frequently produces counter-intuitive results and has been the subj-
ect of much judicial handwringing. See adm.t Jan & Phillip Dane
Warren, an ode to the categorical approach, 67 U.C.L.A.L. Rev. Disc.
132, 134 (2019)(Collecting colorful criticisms before defending
categorical approach on the merits). Many of these criticisms ackno-
wledge that the categorical approach frequently benefits the defend-
ants for example, Judge Wilkinson has defined it as "a protracted
ruse for paradoxically finding even the worst violent offenses not
not to constitute crimes of violence". United States V. Doctor, 842
F.3d 306, 313 (4th Cir. 2016). The need to investigate whether
Movant had a viable categorical approach argument was especially
pronounced in the case because the sentencing commission failed to
adequately define "conspiracy" and a generic conspiracy is broader
than a conspiracy to commit a violation of § 841 which requires no
overt act as discussed above. Thus, excluded Movant's crime and
resulted in an erronous increase of sentence. That effect made this
a crucial issue to investigate. United States V. Winstead, 890 F.3d
1082, 1089 (D.C. Cir. 2018) reasonable counsel would investigate
such a new and timely issue, known to benefit criminal defendants,
especially considering the dramatic effect on the guideline range.
Courts have routinely found that counsel's failure to compare
statutory definitions in resolving a guideline question during plea
negotiations would constitute deficient performance. See e.g. Brock-
Miller V. United States, 887 F.3d 298, 309-10 (7th Cir. 2018)
(remanding for a hearing on allegations of deficient performance).
There the court rejected the government's argument that examining the
"statute to determine if it met the federal definition of felony

-15-

drug offense" was to "sophisticated" and "convoluted" to expect from
defense counsel Id. at 310-11. So too here. The categorical approach
may be counterintuitive and artifical, but like other complex
factual and legal inquiries that arise in criminal defense, competent
counsel need to understand it, be able to use it and zealously
advocate such a defense even to higher review when as here there was
substantial conflicting results. See Hinton, 571 U.S. at 274; See
also, e.g., Dunn V. Jess, 981 F.3d 582, 592-94 (7th Cir. 2020).
(finding deficient performance where counsel failed to assimilate
conflicting medical reports); United States V. Sepling, 944 F.3d
138, 146-50 (rd. Cir. 2019)(finding deficient performance where
counsel failed both to investigate whether the probation officer
had correctly listed 3.4 Methylenedioxy-Methamphetamine as the appr-
opriate drug analog for methylone and to debunk the medical research
underlying the sentencing commission is recommendation to severe
sentencing for trafficking either drug).

With modern methods of legal research, it would not have taken long
for counsel to ~~have~~ find United States V. Whitley, 2018 U.S. App. Lexis
15749 (4th Cir. 2018) among others (establishing that an offense
under 21 U.S.C. § was not categorically controlled substance offense
under § 4B1.2(b). Moreover, would not have taken long to find subst-
antial case law arguing that a violation of Fla Stat § 893.13 which
occurred prior to July 1, 2017 would not support an enhanced penalty
under federal law committed there after as here. See United States
V. Jackson, 2022 W.L. 2080280 (11th Cir. June 10, 2022).

Secondly, beyond the fact that the categorical approach applied to
a violation of § 846 would invalidate it as a "controlled substance
offense" is the fact the sentencing commission did a end run around
Congress to amend the guidelines to include "conspiracy".

When Movant was pleading guilty the determination that commentary to
the sentencing guideline could not be used to amend the text. See
generally Stinson V. United States, 508 U.S. 36, 38 (1993).

Moreover, basic legal research would have found resolving the question of whether an attempted offense can constitute a "controlled substance" has challenged the federal courts because of a crucial difference between the text of U.S.S.G. § 4B1.2(b) itself and the text of the sentencing commissions commentary to that guideline.

Here ineffective counsel is clear and stronger than other similar cases concluding that failure to raise new but well-supported arguments were deficient performance. e.g. See Cuthertson V. United States, 833 F. Appx 727 (10th Cir. 2020) (non-precedential) which concerns whether counsel was ineffective for not utilizing current rulings that provided sound building blocks for legal defense. Infact, this case is also more straightforward then United States V. Winstead, in which the DC Circuit found counsel ineffective for failing to raise an administrative law argument against applying the career offender guideline, 890. F.3d at 1090. Unlike this case, however, there was no out-of-circuit precedent supporting the criminal defendant's pos position. In Winstead, infact, all the circuits that had addressed Winstead's issue at the time of his sentencing had rejected his argument. See Id at 1091; See also United States V. Adams, 934 F.3d 720, 728-29 (7th Cir. 2019). (declining to follow Winstead because of binding circuit precedent). The D.C. Circuit relied as the seventh circuit did in, Bridges V. United States, 991 F.3d 793 (7th Cir. 2020). On the fact that the career offender guideline dramatically increased the advisory sentence, so that the issue deserved more attention than counsel had apparently given it. Winstead, 890 F.3d at 1090.

Here prevailing precedent have come to reject the initial reading of Stenson, to support a holding that an incoate crime like conspiracy did constitute a "controlled substance offense" because the commentary to U.S.S.G. § 4B1.2(b) § stated. See e.g. United States V. Campbell, 22 F. 4th 438 (4th Cir. 2021)(compiling cases initially reading Stinson to support § 4B1.2 included conspiracy).

However, in 2018, the D.C. circuit became the first court to reject this view. See United States V. Winstead, 890 F.3d 1082 (D.C. Cir. 2018). The Winstead court concluded that "there is no question that ...the commentary [to USSG § 4B1.2(b) adds a crime, "attempted distribution: that is not included in the guideline". Id at 1090]. Because U.S.S.G. § 4B1.2(b) "presented a very detailed 'definition' of controlled substance offense that clearly excludes incoate offenses". the D.C. Circuit held that the commentary's inclusion of such offenses had "no grounding in the guidelines themselves" and thus U.S.S.G. § 4B1.2(b) and its commentary was inconsistent Id at 1091-92.

The sixth circuit followed the next year, overturning circuit precedent to the contrary in an en banc decision see United States V. Havis. 927 F.3d 382, 386 (6th Cir. 2019) (en banc) (per curiam) (finding "to make attempt crimes a part of § 4B1.2(b) the commission did not interpret a term in the guideline itself-no term in § 4B1.2(b) would bear that construction. Rather, the commission used Application Note 1 to add an offense not listed in the guideline". (footnote omitted)). Since that time, the third circuit, also sitting en banc, has agreed with the sixth and D.C. circuits that the commentary is inconsistent with U.S.S.G. § 4B1.2(b). United States V. Nasir, 982 F.3d 144, 156-60 (3d. Cir. 2020)(en banc) vacated and remanded on other grounds. Moreover, panels of the fifth and ninth circuits have recently indicated that they could also do so were they not bound by circuit precedent. See United States V. Crum, 934 F.3d 963, 966 (9th Cir. 2019), United States V. Goedin, 835 F. App'x 771, 782 N.1 (5th Cir. 2021) (unpublished)(quoting Nasir, 982, F.3d at 159-60). See also United States V. Campbell, 22 F. 4th 438, (4th Cir. 2021). (following suit).

In conclusion, when Movant's counsel stipulated to him being a career offender without zealously using the building blocks that were being used to over turn precedent was deficient and ineffective.

-18-

Of equal importance, counsel's incompetence prejudice Movant. To prove ineffective assistance of counsel, the Movant must show "that there is a reasonable probability that, but for counsel's unprofess- ional errors, the result of the proceedings would have been differ- ent" Strickland, 466 U.S. at 694. In the context of federal sentencing, "the guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar. Molina- Martinez, 136 S. Ct. at 1346. (reviewing case law and statistical reports). "In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher guideline ranges has demonstrated 9 reasonable probability of a different out- come". Id.

Here, there record shows that the district court and defense counsel treated the erronious career offender range as the starting point. Thus, counsel's incompetence prejudice Movant.

2.) <u>Movant Was Denied Effective Counsel at sentencing on appeal</u>

Without belaboring the court with a extended argument. To fail to do proper evaluation of Movant's prior offenses, and instant offenses and stipulate to Movant being a career offender undermine the entire prosecution process. In other words Movant was denied his Constitut- ional rights attached to sentencing and appeal.

<u>CONCLUSION</u>

Movant should be resentenced without the career offender enhancement.

Respectfully Submitted on  7-14-22

Emilio Santiago
Rep No. 73-790-004
F.C.I. Edgefield
P.O. Box 725
Edgefield, S.C. 29824

-18-

UNITED STATES DISTRICT COURT

FOR THE

SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| EMILIO SANTIAGO, | ) | |
|    Defendant/Petitioner, | ) | |
|   -vs- | ) | 9:21CR80026 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|    Plaintiff/Respondent, | ) | |
| | ) | |

DEFENDANT'S MOTION TO VACATE AND OR CORRECT SENTENCE
PURSUANT TO 28 U.S.C. 2255 AND MEMORANDUM OF FACTS AND
LAW IN SUPPORT OF DEFENDANT'S MOTION PURSUANT TO 28 U.S.C. 2255

COMES NOW, Mr. Emilio Santiago, pro se [herein after "Movant"] and respectfully moves the Court to Vacate and/or Correct his sentence under 28 U.S.C. § 2255. Movant incorporates a memorandum of facts and law in support of the requested relief.

STATEMENT OF THE CASE

Movant plead guilty to one count of a five count INdictment. Namely, Movant plead guilty to Count One which charged Conspiracy to Posses With Intent to Distribute 400 grams or more of Fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)( ). Movant waived all rights conferred by 18 U.S.C. § 3742 to appeal and did not seek an appeal. Movant comes here seeking post conviction relief pursuant to 28 U.S.C. § 2255(a). In summary, Movant argues he was denied effective counsel at sentencing in violation of his rights provided by the Sixth Amendment to the U.S. Constitution. Movant's motion is timely under 28 U.S.C. § 2255(f)($i$).

-1-

## STATEMENT OF FACTS

### A) PROCEDURAL HISTORY

An indictment was filed on 02/18/2021 (D.E. 44). A change of plea from not guilty to guilty was referenced on 07/14/2021. The plea agreement was filed on 08/09/2021 (D.E. 107). The pre-sentence report was filed on 09/17/2021 (D.E. 136) and the final addendum was filed on 10/15/2021. A sentencing hear was held and a Judgement was entered on 10/22/2021 (D.E. 173 and 174). Movant did not file a direct appeal. Finally proceeds under 28 U.S.C. § 2255 here.

### B) SUBSTANTIAL FACTS

Movant was determined to be a Career Offender pursuant to United States Sentencing guidelines (USSG) Section 4B1.1. Pre-sentence Investigation Report (PSI)(D.E. 136)[1]/¶99. This determination was based on the instant offense of a violation of 18 U.S.C. Section 856 Conspiracy to Violate 18 U.S.C. § 841(a) and two (2) prior drug offenses committed under Florida State Criminal Code. Id @ 99. Namely: Sale of Cocaine, Docket No. 2001-CF-6895 (PSI ¶ 99) and Sale of Cocaine in Docket No. 2002-CF-13898 Id and Possession with Intent to Distribute a Controlled Substance in Docket No. 9:10CR80098. In consequence Movant's base offense level was 37 . U.S.S.G. § 4B1.1(b)(1) reduced to 34 for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) & (b) in accordance with the plea agreement. Resulting in a guideline range of (262-327) see sentencing table @ offense level 34, criminal history category VI.

---

[1]/ "DE" references Documents filed in Criminal Case Number 9:21CR80026 in the United States District Court for the Southern District of Florida.

Not withstanding the application of the Career Offender enhancement, Movant's offense level was 34 (PSI ¶ 93), pursuant to § 2D1.1(c)(3) and § 2D1.1(a)(5). Reduction for acceptance of responsibility resulted in an adjusted and total offense level of 31. Movant would determined to be a criminal history category VI absent the career offender provision resulting in a guideline range of (188-235). In other words, applying the career offender enhancement resulted in a 74 month increase in the low end of the guideline range.

At sentencing, Movant's counsel did not object to the career offender enhancement application.

## GROUNDS WARRANTING SECTION 2255 RELIEF

**Movant Was Denied Effective Counsel at Sentencing In Violation of the Sixth Amendment to the United States Constitution.**

## LEGAL ANALYSIS
### A) Section 2255

Pursuant to Section 2255(a) a prisoner in custody under the sentence of a Court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the U.S. Constitution or the laws of the United States, or that the Court was without jurisdiction to impose such sentence. Or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the Court which imposed the sentence to vacate, set aside or correct the sentence.

### B) EFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment guarantees the right to effective assistance of counsel in criminal prosecution. Yarborough v. Gentry, 540 U.S. 1, 5 (2003)(per curiam). To prevail on a claim of ineffective counsel, Movant must prove that: (1) Counsel's performance "fell below an objective standard of reasonableness" Strickland v. Washington, 466 U.S. 668, 688 (1984) and (2)

-3-

Counsel's deficient performance prejudiced Movant resulting in an unreliable or fundamentally unfair outcome in the proceeding. See Id. @ 466 U.S. 687, 69, 92. See also Glover v. United States, 531 U.S. 198 (2001)(applying Strictland to miss-application to United States Sentencing Guidelines). Movant's failure to satisfy either prong of the test defeats the entire claim. Strickland 466 U.S. at 697 see e.g. Harris v. Comm'r Ala Dep't Corr. 874 F.3d 682, 689 (11th Cir. 2017)(ineffective assistance claim dismissed when counsel's performance was deficient but defendant failed to show prejudice). In deciding whether counsel's performance was ineffective, a Court must consider the totality of the circumstances. Strickland 466 U.S. at 690.

Under the performance prong, there is a presumption that counsel's strategy and tactics fall "within the wide range of reasonable professional assistance" Strickland, 466 U.S. at 689. But see Cornell v. Kirkpatrick, 665 F.3d 369, 379-80 (2nd Cir. 2011)(counsel's failure to object to improper trial venue unreasonable because neither part of strategy not a result of thorough research).

In interpreting the prejudice prong, the Supreme Court has identified narrow categories in which prejudice is presumed. However, if prejudice is not presumed the Movant must show that counsel's errors were prejudicial and deprived the defendant of a [fair proceedings] a [proceeding] whose result is reliable. Strickland, 466 U.S. at 687. This burden is met by showing a reasonable probability that the outcome of the proceeding would have been diferent but for counsel's errors. Id 466 U.S. at 694. See e.g. United States v. Shepherd, 880 F.3d 734, 744, 746 (5th Cir. 2018)(Finding but for counsel's failure to examine the applicable case law, reasonable probability that defendant would have had viable defense). Courts have recognized ineffective claims concerning counsel's professional qualifications and performance at relevant part: sentencing. See e.g., Glover v. United States, 531 U.S. 198, 203-04 (2001)(finding counsel's alleged error at

-4-

sentencing resulting in 6 to 21 month sentence, could be sufficiently prejudicial to constitute ineffective assistance provided counsel's performance was unreasonable).United States v. Carthorne, 878 F.3d 458, 467-69 (4th Cir. 2017)(Finding counsel's failure to object to defendant's designation as a "career offender" was ineffective assistance because , but for counsel's error, there was a reasonable probability defendant would have received a shorter sentence). United States v. Herrera, 412 F.3d 567, 578 (5th Cir. 2005)(Finding counsel's failure to understand sentencing guidelines was ineffective because counsel underestimated sentencing exposure by 27 months). Ramirez v. United States, 799 F.3d 845, 855 (7th Cir. 2015)(Finding counsel's failure to object to classification of defendant as a career offender was ineffective assistance because counsel should have known that 2 convictions were suspect and should have tried to obtain conviction records).

The courts have also applied the right to effective counsel to performance on appeal. See e.g. United States v. Reinhart, 357 F.3d 521, 530-31 (5th Cir. 2004); United States v. Skurdal, 341 F.3d 921, 927-28 (9th Cir. 2003)(Finding counsel's failure on appeal to present non-frivolous issues "supported by citations...." was ineffective assistance of counsel.

## SUMMARY OF THE ARGUEMENT

In summary, Movant argues that he was denied effective assistance of counsel, when counsel failed to challenge the application of the career offender enhancement based on substantial precedent that was not binding but provided substantial building blocks for a legal challenge. Furthermore, that he was denied effective counsel on appeal when counsel failed to advance a legal challenge to the career offender as discussed below.

## ARGUMENT
### A. INTRODUCTION

Under the correct application of the United States sentencing guidelines, Movant is not a career offender. Moreover, substantial precedent provides sound building blocks for a challenge to Movant being sentenced as a career offender. Movant's counsel was incompetent applying an objective review for not challenging the career offender enhancement. Of equal importance, counsel's incompetence prejudiced Movant. In other words, applying the Strickland standard discussed above, Movant was denied his constitutional right to effective counsel at sentencing and on appeal.

## DISCUSSION

### A) MOVANT DOES NOT QUALIFY AS A CAREER OFFENDER UNDER USSG § 4B1.1

Correctly applying the guidelines to Movant's instant offence and prior offense's does not qualify those offenses as "controlled substance offense" as defined under USSG § 4B1.2(b). Therefore, Movant should not have been sentenced as a career offender.

Pursuant to USSG § 4B1.1 of the guidelines, a defendant is a career offender if, among other factors, the defendant committed an instant offense and has at least two prior convictions - at relevant part - that qualify as a "controlled substance offense" USSG § 4B1.1(a). The term "controlled substance offence" is defined at U.S.S.G. § 4B1.2 which provides:

> **USSG § 4B1.2(b)**
> (b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import export, distribution, or dispensing of a controlled substance (or a counterfeit substance) with intent to manufacture, import export, distribute, or dispense.

When addressing whether a prior conviction triggers a guideline sentencing enhancement courts use the categorically approach. Looking only to the fact of conviction of the offense. The point of the categorical inquiry is not to determine whether the defendant's conduct could support a conviction for a predicate or instant offense, but to determine whether the defendant was infact convicted of a crime that qualifies as (at relevant part) a controlled substance offense. In other words, it is a statutory approach not a conduct approach. There cannot be a dispute that a violation of 21 U.S.C. § 841(a) qualifies as a "controlled substance offense" however, Movant plead guilty to a stand alone count of conspiracy to commit a violation of § 841(a). Therefore, the question one must answer is: whether a offense of "conspiring" to commit a crime under § 841(a) is a controlled substance offense. The answer it does not for two (2) substanial reasons.

## 1.) Section 4B1.2 Does Not Include "Conspiracy" as a Controlled Substance

Employing the Categorical approach, the court must not consider the actual conduct that led to Movant's conviction under 21 U.S.C. § 846, instead, the court must look to the least of the acts criminalized by the elements of that statute. Moncrieffe V. Holder, 569 U.S. 184, 190-91 (2013). If the least culpable conduct falls within the guidelines definition of "controlled substance offense", then the statute categorically qualifies as a controlled substance offense. But if the least culpable conduct falls outside that definition, then the statute is too broad to qualify and Movant is not a career offender. There cannot be a dispute whether 21 U.S.C. § 846 includes "conspiracy". Therefore the question is whether the definition of "controlled substance offense" in § 4B1.2(b) includes "conspiracy". The sentencing commission said it does in the commentary to § 4B1.2(b). See USSG § 4B1.2(b) says nothing about "conspiracy". Applying the guidelines correctly requires that the actual text of guideline § 4B1.2(b) determine the question.

The role of the sentencing commission supports that the actual text rule any question presented as here. Such a interpritation is supported by the sentencing commission's role in our constitutional system. Congress created the commission as an independant body "charged [] with the task of establish[ing] sentencing policies and practices for the Federal Criminal Justice System". Stinson V. United States, 508 U.S. 36, 40-41 (1993)(Citation and internal quotation marks omitted) The commission fulfills its purpose by issuing the guidelines, which provide direction to Judges about the type and length of sentences to impose in a given case. Id at 41. Although Judges have some discretion to deviate from the guidelines recommendations, the Justice System procedural rules "nevertheless impose a series of requirements on sentencing courts that cabin the excersize of that discretion". Peugh V. United States, 569 U.S. 530, 543 (2013). A Judge cannot stray from a defendant's guidelines range, for example, without first giving an adequate explanation for the variance. See Id. The Commission thus excersizes a sizable piece "of the ultimate governmental power, short of Capital Punishment" - the power to take away someone's liberty. United States V. Winstead, 890 F.3d 1082, 1092 (D.C. Cir. 2018) (Citation Omitted).

That power is ordinarily left to two branches of government - first to the legislature, which creates a range of statutory penalties for each federal crime, and then to Judges, who sentence defendants within the statutory framework. But the commission falls squarely in neither the legislative nor the judicial branch; rather, it is "an unusual hybrid in structure and authority", entailing elements of both quasi-legislative and quasi-judicial power. Mistretta V. United States, 488 U.S. 361, 412 (1989). In Mistretta, the supreme court explained how the commission functions in this dual role without disrupting the balance of authority in our constitutional structure. Although the commission is nominally a part of the judicial branch, it remains "fully accountable to congress" which reviews each guideline before it takes effect. Id at 393-94 See also 28 U.S.C. § 994(p). The rulemaking of the commission, moreover, "is subject to the notice and comment requirements of the Administrative

Procedure Act" Id at 394; See also 28 U.S.C. § 994(x). These two constraints - congressional review and notice and comment - stand to safeguard the commission from uniting the legislative and judicial authority in violation of the separation of powers.

Unlike the guidelines themselves, however, commentary to the guidelines never passes through the gauntlets of Congressional review or notice and comment. That is also not a problem, the supreme court explains because commentary has no independant legal force - it serves only to interpet the guidelines text. not to replace or modify it. See Stinson, 508 U.S. at 46: See also United States V. Rollins, 836 F.3d 737, 742 (7th Cir. 2016)(en banc)(Finding "the application notes are interpretations of not additions to, the guidelines themselves...."). Commontary binds courts only "if the guideline which the commentary interprets will bear the construction". Stinson, 508 U.S. at 46 thus, courts need not accept an interpretation that is plainly erroneous or inconsistent with the corresponding guideline. Id at 45 (Citation omitted). In finding Movant a career offender here the court relied on historical precedent which in summary circumvents the sentencing commission's accountability to Congress. To do so it relys on a illogical concept that Application Note 1 to § 4B1.2 is not a "plainly erroneous" interpretation of the corresponding guideline. However, the concept sidesteps a threshold question: is this really an "interpretation" at all? The guideline expressly names the crime that qualify as controlled substance offenses under § 4B1.1; none are Conspiracy. And the commission knows how to include attempt [or Conspiracy] crimes when it wants to in subsection (a) of the same guideline, for example, the commission defines "crime of violence" as including offense that have "as an element the use, attempted use, or threatened use of physical force against the person of another". U.S.S.G. § 4B1.2(a) (emphasis added).

To make attempt crimes a part of § 4B1.2(b), the commision did not interpret a term in the guideline itself - no term in § 4B1.2(b) would bear that construction. Rather the commission used Application

Note 1 to add an offense not listed in the guideline. But application notes are to be "interpretations of not additions to, to the guidelines themselves". Rollins, 836 F.3d at 742. If that were not so the institutional constraints that make the guidelines constitutional in the first place, i.e., congressional review and notice and comment, would lose their meaning See Winstead, 890 F.3d at 1092 ("explaining" if the commission wishes to expand the definition of "controlled substance offenses" to include [conspiracy], it may seek to amend the language of the guidelines by submitting the change for congressional review"). The commission's use of commentary to add "conspiracy" to the definition of "controlled substance offense" deserves no deferance. The text of § 4B1.2(b) controls, and makes clear that attempt crimes such as "conspiracy" do not qualify as a controlled substance offenses.

In summary and conclusion in other words, to find Movant as a career offender the court circumvented the constitutional pretects of the guidelines application and violated the separation of powers doctrine, e.g., it allowed the sentencing commission to circumvent the accountability of congress and its review of policies that take away someone's liberty. The court erred in finding Movant a career offender.

2.) <u>A Violation of 21 U.S.C. § 846 Does Not Meet The Definition of "Conspiracy"</u>

Notwithstanding the fact the sentencing commission did an end run around the constitutional protections of the guidelines to amend the guidelines to include "conspiracy", is the fact a violation of § 846 does not qualify as a generic conspiracy as defined under federal law. In other words, pursuant to the categorical approach a violation of § 846 does not qualify as a "conspiracy". The argument here is not whether a violation of 21 U.S.C. § 841(a) is a controlled substance offense to the contrary the question is: whether a violation of section 846 is a controlled substance offense. Accordingly, the determination of whether Movant is a career offender turns on the conspiracy component of Movant's instant offense.

-10-

Because the guidelines do not define "conspiracy" the term should be understood to refer to the generic, contemporary meaning of the crime. See United States V. McCollum, 885 F.3d 300, 307 (4th Cir. 2018). An overt act is an element of the generic definition of conspiracy Id at 308. Comparing the elements of conspiracy under 21 U.S.C. § 846 to this generic definition it is clear that they do not correspond to generic conspiracy. The elements of conspiracy under § 846 require the government to prove only that: "(1) an agreement to [distribute and] possess [a controlled substance] with intent to distribute existed between two or more persons: (2) the defendant knowingly and voluntarily became a part of the conspiracy". United States V. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc). Unlike generic conspiracy a conviction under § 846 does not require the Government to prove any overt act. United States V. Shaban, 513 U.S. 10, 11 (1994). Instead the "gravamen" of the crime is "an agreement to effectuate a criminal act". Burgos, 94 F.3d at 587 (internal quotation marks omitted) finally, because § 846 does not require an over act. "it criminalizes a broader range of conduct than covered by generic conspiracy". McCollum, 885 F.3d at 309. Accordingly, even if the commission is allowed to unconstitutionally amend the guidelines (which should not be allowed) to include a conspiracy Movant's instant offense cannot support his enhanced sentencing as a career offender because it is not a categorical controlled substance offense. Movant is not a career offender.

3.) Substantial Supreme Court Precedent Support Congress Would Be Disinclined to Amend the Guidelines to Include Enhanced Penalties for Attempt Crimes.

Substantial Supreme Court decisions support that if the sentencing commission had not effectively done an end run around accountability of Congress to approve amendments to the guidelines and presented the proposed amendments to Congress they would not have been approved. The sentencing reform Act of 1984 (Title II of the comprehensive crime control act of 1984) provided for the development of guidelines that will further basic purposes of criminal punishment.

The guidelines are to evolve according to statutes and courts decision and common law. Most importantly, amendments require approval of Congress. Although Congress is tasked with establishing laws, but it is the Supreme Court who interprits and decides the constitutionality of those laws once enacted. The purpose of continuing evolution and role of the guidelines are to establish fair and uniform sentencing practices. Thus, it stands to reason in approving amendments to the guidelines, Congress would be highly influenced by Supreme Court precedent in determining whether to amend the guideline recently the supreme court indica found that attempt crimes should not be relied on for enhanced penalties under federal statutes See United States V. Taylor, 596 U.S.-(2022). (Finding attempted Hobbs Act robbery is not a crime of violence). Therefore, it stands to reason that Congress would follow the development of common law and decline to include "conspiracy" to qualify for enhanced penalties under the career offender. In other words, the end run around congress to amend the guidelines was prejudical to the constitutional protections incorperated into the guidelines.

4.) <u>Movant's Prior Offenses Do Not Support the Career Offender Enhancement</u>.

Beyond the fact the instant offense will not support the career offender is the fact Movant's historical prior drug offense under Fla. Stat. § 893.13 will not stand up under the categorical approach to qualify as a controlled substance offense. See <u>United States V. Jackson</u>, 2080280 (11th Cir. June 10, 2022) (Finding that cocaine convictions before July 1, 2017 under § 893.13 do not qualify as controlled substance offenses). The eleventh circuit determined Movant is not a career offender by applying the categorical approach.

B.) <u>Movant Was Denied Effective Counsel During Plea Proceedings, Sentencing, and on Appeal when Counsel Failed to Challenge the Career Offender Enhancement</u>

Movant was denied effective counsel during the plea stage, at sentencing and on appeal.

-12-

## 1.) The Movant was Denied Effective Counsel During the Plea Stage

Courts have settled the fact right to effective counsel applies during plea negotiations. E.g., Lafler V. Cooper, 566 U.S. 156, 162 (2012). To determine if the defendant was denied such courts use the familiar two-part Strickland V. Washington Supra, to determine whether counsel's performance fell below the constitutional minimum. Under this rubric counsel was ineffective if both "Counsel's performance was deficient" and "the deficient performance prejudiced the defense". Id. at 687. The performance issue is whether "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment."

Movant is entitled in the least an evidentiary hearing because the records and the motion does not conclusively show that he is entitled to no relief, 28 U.S.C. § 2255(b).

The court should apply an objective standard of reasonableness considering all the circumstances, Hinton V. Alabama, 571 U.S. 263, 272-73 (2014). Deference must be given to counsel's strategic decisions, but "strategic choices made after less than complete investigation [of law and facts] are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary". Id at 274. Quoting Strickland, 466 U.S. at 6901. "In the plea bargaining context, reasonably competent counsel will attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plea guilty", Gaylord V. United States, 829 F.3d 500, 506 (7th Cir. 2016) (quotation omitted); see also Anderson V. United States, 981 F.3d 565, 575 - 76 (7th Cir. 2020)(remanding habeas petition for evidentiary hearing where counsel's failure to investigate one available theory of defense before negotiating plea deal could constitute deficient performance). "An attorney's ignorance of a point of law

that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under <u>Strickland</u>", <u>Hinton</u>, 571 U.S. at 274 (describing examples); See <u>Osaqiede V. United States</u>, 543 F.3d 399, 409 (7th Cir. 2008). (finding "all lawyers that represent criminal defendants are expected to know the laws applicable to their client's defense", and where "simple computer research" would turn up those laws, counsel is ineffective for failing to rely on them absent a strategic justification)(cleaned up). See also <u>Cates V. United States</u>, 882 F.3d 731, 736 (7th Cir. 2018)(7th Cir. 2018). (Finding "a mistake of law is deficient performance").

Defense attorneys, it is true are generally not obliged to anticipate changes in law. e.g. <u>Valenzuela V. United States</u>, 261 F.3d 694, 700 (7th Cir. 2018). Yet there are some circumstances where they may be obliged to make, or at least to evaluate, an argument that is sufficiently foreshadowed in existing case law. <u>Shaw V. Wilson</u>, 721 F.3d 908, 917 (7th Cir. 2013) See also <u>United States V. Carthrone</u>, 878 F.3d 458, 465-66 (4th Cir. 2017)(Finding "the ineffective assistance standard may require that counsel raise material issues even in the absence of decisive precedent"). Citing <u>Ramirez V. United States</u>, 799 F.3d 845, 855 (7th Cir. 2015). In this case Movant's counsel failed to investigate or raise a challenge to the career offender enhancement which deprived him of effective counsel.

When Movant was pleading guilty and being sentenced, the categorical approach was of course well-established. See generally <u>Taylor V. United States</u>, 495 U.S. 575, (1990). So was its applicability to the guidelines e.g., <u>United States V. Woods</u>, 576 F.3d 400, 403 (7th Cir. 2009)(establishing "in deciding whether a crime fits USSG § 4B1.2's definition of a crime, the supreme court has instructed lower courts to use a categorical approach"). The overwhelming majority of federal defendants plead guilty. Administrative office of U.S. Courts, <u>Statistical Tables for the Federal Judiciary</u>, Table D-4 (Dec. 31, 2018)(89.9% of federal criminal cases end in guilty plea). And the guidelines remain the "lodestar" of federal sentencing

Molina-Martinez V. United States, 136 S.Ct. 1338, 1346 (2016) sentencing advocacy, both during plea negotiations and before a district court, is in most cases the most important task of a federal criminal defender. Understanding how to interpret the guidelines and making guideline arguments are core competencies of federal defense counsel.

Competent counsel would also know that the categorical approach frequently produces counter-intuitive results and has been the subject of much judicial handwringing. See adm.t Jan & Phillip Dane et. Warren, an ode to the categorical approach, 67 U.C.L.A.L. Rev. Disc. 132, 134 (2019)(Collecting colorful criticisms before defending categorical approach on the merits). Many of these criticisms acknowledge that the categorical approach frequently benefits the defendants for example, Judge Wilkinson has defined it as "a protracted ruse for paradoxically finding even the worst violent offenses ~~not~~ not to constitute crimes of violence". United States V. Doctor, 842 F.3d 306, 313 (4th Cir. 2016). The need to investigate whether Movant had a viable categorical approach argument was especially pronounced in the case because the sentencing commission failed to adequately define "conspiracy" and a generic conspiracy is broader than a conspiracy to commit a violation of § 841 which requires no overt act as discussed above. Thus, excluded Movant's crime and resulted in an erronous increase of sentence. That effect made this a crucial issue to investigate. United States V. Winstead, 890 F.3d 1082, 1089 (D.C. Cir. 2018) reasonable counsel would investigate such a new and timely issue, known to benefit criminal defendants, especially considering the dramatic effect on the guideline range. Courts have routinely found that counsel's failure to compare statutory definitions in resolving a guideline question during plea negotiations would constitute deficient performance. See e.g. Brock-Miller V. United States, 887 F.3d 298, 309-10 (7th Cir. 2018) (remanding for a hearing on allegations of deficient performance). There the court rejected the government's argument that examining the "statute to determine if it met the federal definition of felony

-15-

drug offense" was to "sophisticated" and "convoluted" to expect from defense counsel Id. at 310-11. So too here. The categorical approach may be counterintuitive and artifical, but like other complex factual and legal inquiries that arise in criminal defense, competent counsel need to understand it, be able to use it and zealously advocate such a defense even to higher review when as here there was substantial conflicting results. See Hinton, 571 U.S. at 274; See also, e.g., Dunn V. Jess, 981 F.3d 582, 592-94 (7th Cir. 2020). (finding deficient performance where counsel failed to assimilate conflicting medical reports); United States V. Sepling, 944 F.3d 138, 146-50 (rd. Cir. 2019)(finding deficient performance where counsel failed both to investigate whether the probation officer had correctly listed 3.4 Methylenedioxy-Methamphetamine as the appropriate drug analog for methylone and to debunk the medical research underlying the sentencing commission is recommendation to severe sentencing for trafficing either drug).

With modern methods of legal research, it would not have taken long for counsel to have United States V. Whitley, 2018 U.S. App. Lexis 15749 (4th Cir. 2018) among others (establishing that an offense under 21 U.S.C. § was not categorically controlled substance offense under § 4B1.2(b). Moreover, would not have taken long to find substantial case law arguing that a violation of Fla Stat § 893.13 which occurred prior to July 1, 2017 would not support an enhanced penalty under federal law committed there after as here. See United States V. Jackson, 2022 W.L. 2080280 (11th Cir. June 10, 2022).

Secondly, beyond the fact that the categorical approach applied to a violation of § 846 would invalidate it as a "controlled substance offense" is the fact the sentencing commission did a end run around Congress to amend the guidelines to include "conspiracy".

When Movant was pleading guilty the determination that commentary to the sentencing guideline could not be used to amend the text. See generally Stinson V. United States, 508 U.S. 36, 38 (1993).

Moreover, basic legal research would have found resolving the question of whether an attempted offense can constitute a "controlled substance" has challenged the federal courts because of a crucial difference between the text of U.S.S.G. § 4B1.2(b) itself and the text of the sentencing commissions commentary to that guideline.

Here ineffective counsel is clear and stronger than other similar cases concluding that failure to raise new but well-supported arguments were deficient performance. e.g. See Cuthertson V. United States, 833 F. Appx 727 (10th Cir. 2020) (non-precedential) which concerns whether counsel was ineffective for not utilizing current rulings that provided sound building blocks for legal defense. Infact, this case is also more straightforward then United States V. Winstead, in which the DC Circuit found counsel ineffective for failing to raise an administrative law argument against applying the career offender guideline, 890. F.3d at 1090. Unlike this case, however, there was no out-of-circuit precedent supporting the criminal defendant's pos position. In Winstead, infact, all the circuits that had addressed Winstead's issue at the time of his sentencing had rejected his argument. See Id at 1091; See also United States V. Adams, 934 F.3d 720, 728-29 (7th Cir. 2019). (declining to follow Winstead because of binding circuit precedent). The D.C. Circuit relied as the seventh circuit did in, Bridges V. United States, 991 F.3d 793 (7th Cir. 2020). On the fact that the career offender guideline dramatically increased the advisory sentence, so that the issue deserved more attention than counsel had apparently given it. Winstead, 890 F.3d at 1090.

Here prevailing precedent have come to reject the initial reading of Stenson, to support a holding that an incoate crime like conspiracy did constitute a "controlled substance offense" because the commentary to U.S.S.G. § 4B1.2(b) § stated. See e.g. United States V. Campbell, 22 F. 4th 438 (4th Cir. 2021)(compiling cases initially reading Stinson to support § 4B1.2 included conspiracy).

However, in 2018, the D.C. circuit became the first court to reject this view. See United States V. Winstead, 890 F.3d 1082 (D.C. Cir. 2018). The Winstead court concluded that "there is no question that ...the commentary [to USSG § 4B1.2(b) adds a crime, "attempted distribution: that is not included in the guideline". Id at 1090]. Because U.S.S.G. § 4B1.2(b) "presented a very detailed 'definition' of controlled substance offense that clearly excludes incoate offenses". the D.C. Circuit held that the commentary's inclusion of such offenses had "no grounding in the guidelines themselves" and thus U.S.S.G. § 4B1.2(b) and its commentary was inconsistent Id at 1091-92.

The sixth circuit followed the next year, overturning circuit precedent to the contrary in an en banc decision see United States V. Havis. 927 F.3d 382, 386 (6th Cir. 2019) (en banc) (per curiam) (finding "to make attempt crimes a part of § 4B1.2(b) the commission did not interpret a term in the guideline itself-no term in § 4B1.2(b) would bear that construction. Rather, the commission used Application Note 1 to add an offense not listed in the guideline". (footnote omitted)). Since that time, the third circuit, also sitting en banc, has agreed with the sixth and D.C. circuits that the commentary is inconsistent with U.S.S.G. § 4B1.2(b). United States V. Nasir, 982 F.3d 144, 156-60 (3d. Cir. 2020)(en banc) vacated and remanded on other grounds. Moreover, panels of the fifth and ninth circuits have recently indicated that they could also do so were they not bound by circuit precedent. See United States V. Crum, 934 F.3d 963, 966 (9th Cir. 2019), United States V. Goedin, 835 F. App'x 771, 782 N.1 (5th Cir. 2021) (unpublished)(quoting Nasir, 982, F.3d at 159-60). See also United States V. Campbell, 22 F. 4th 438, (4th Cir. 2021). (following suit).

In conclusion, when Movant's counsel stipulated to him being a career offender without zealously using the building blocks that were being used to over turn precedent was deficient and ineffective.

-18-

Of equal importance, counsel's incompetence prejudice Movant. To prove ineffective assistance of counsel, the Movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different" <u>Strickland</u>, 466 U.S. at 694. In the context of federal sentencing, "the guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar. <u>Molina-Martinez</u>, 136 S. Ct. at 1346. (reviewing case law and statistical reports). "In most cases a defendant who has shown that the district court mistakenly deemed applicable an incorrect, higher guideline ranges has demonstrated 9 reasonable probability of a different outcome". <u>Id</u>.

Here, there record shows that the district court and defense counsel treated the erronious career offender range as the starting point. Thus, counsel's incompetence prejudice Movant.

2.) <u>Movant Was Denied Effective Counsel at sentencing or appeal</u>

Without belaboring the court with a extended argument. To fail to do proper evaluation of Movant's prior offenses, and instant offenses and stipulate to Movant being a career offender undermine the entire prosecution process. In other words Movant was denied his Constitutional rights attached to sentencing and appeal.

<u>CONCLUSION</u>

Movant should be resentenced without the career offender enhancement.

Respectfully Submitted on ___7|14|22___

Emilio Santiago
Rep No. 73790-004
F.C.I. Edgefield
P.O. Box 725
Edgefield, S.C. 29824

-18-