UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 21-cr-80026-AMC

UNITED STATES OF AMERICA,

vs.

EMILIO SANTIAGO,

      Defendant.

_____/

## GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE

The government files this response in opposition to the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in docket entry 246. In short, the defendant's motion should be denied because both the zero-point offender amendment and the status points amendment to the Guidelines do not apply to the defendant because he qualified as a career offender and, as such, was a criminal history category VI, making neither amendment applicable.

**I.**     **Procedural history**

This is a drug case. The indictment charged the defendant with: conspiracy to possess with intent to distribute, and distribute, 400 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A)(vi) (Count 1); and two substantive counts of possession with intent to distribute and distribution of 400 grams or more of fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(vi) (Counts 2 and 3). (DE 44). On August 6, 2021, the defendant pleaded guilty to Count 1. (DE 104, 105). Prior to sentencing, the government filed a notice of filing certified convictions, in which the government attached three certified criminal convictions, any two of which were required to form the basis of Movant's career offender

1

designation under the sentencing guidelines. (DE 163). Those three convictions were: 1) 2002 conviction in Florida state case number 2002-CF-13898, sale of cocaine; 2) 2001 conviction in Florida state case number 2001-CF-6895, sale of cocaine within 1,000 feet of a place of worship and sale of cocaine; and 3) 2010 conviction in Southern District of Florida federal case number 10-cr-80098, possession with intent to distribute heroin. *Id.* As such, the presentence investigation report ("PSR") applied the Chapter Four Career Offender enhancement using these three prior convictions because the defendant was at least 18 years old at the time of the instant offense of conviction, the instant offense of conviction is a felony that is a controlled substance offense, and the defendant has at least two prior felony convictions of a controlled substance offense. PSR ¶ 99. This enhancement resulted in an offense level of 37, which became a level 34 after acceptance of responsibility. *Id.* at ¶¶ 99-102.

The career offender designation also made the defendant's criminal history score a category VI. PSR ¶ 122 ("Furthermore, the defendant is a career offender; therefore, the criminal history category is VI."). Besides these three convictions that formed the basis for the career offender designation, the defendant had other prior criminal convictions that would otherwise have counted as criminal history points had he not automatically been scored as a category VI under the career offender provisions. *See* PSR ¶¶ 107-135. Moreover, had the defendant not been automatically a criminal history category VI because of the career offender provisions, he would have received two additional criminal history points under the Guidelines in effect at the time because he committed the instant offense while under a criminal justice sentence. *See* PSR ¶ 121. But the defendant was in fact a career offender and received an automatic criminal history category VI regardless of status points or other criminal convictions. The resulting guideline range was 262-327 months. *Id.* at

2

¶178.

The sentencing hearing was held on October 22, 2021. (DE 173). There were no unresolved objections to the final PSR that calculated the guideline range based on the career offender enhancement. (Attachment 2 - transcript of sentencing hearing, page 4). In other words, the defendant, through his attorney, did not object to the career offender enhancement. The defendant was sentenced below the applicable guideline range to 240 months' imprisonment to run concurrent with the supervised release sentence he received in 10-cr-80098. (173, 174-CR). The defendant did not appeal his sentence or conviction.

## II.  Legal standard

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *Id*. at 826–27. The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowers the defendant's applicable sentencing guidelines range *and* relief is consistent with applicable policy statements. *Id*. The applicable policy statement here bars a court from granting relief below the bottom of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors, *id*. at 826–27, and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

Under the § 1B1.10(a)(1) policy statement: "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable . . . has subsequently been lowered as a result of an amendment . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Notably, "if a defendant receives a sentence modification under § 3582(c)(2), subsequent reduction based on the same amendment to the Guidelines is not available—the modified sentence is no longer based on the outdated Guidelines range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017). Courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

**III.  Eligibility**

    *A.  Status point amendment*

The defendant here first seeks relief based on the "status points" amendment. The "status points" provision previously stated that two criminal history points are to be added if "the defendant committed the instant offense [i.e., any relevant conduct] while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape release." U.S.S.G. § 4A1.1(d). Now, the amended "status points" provision under the redesignated subsection (e) applies in the following ways: "status points" will no longer apply to offenders with six or fewer

4

criminal history points, even if the instant offense was committed while the offender was under a criminal justice sentence; and (2) defendants with seven or more criminal history points will be assessed one additional criminal point, instead of two. *See* Retroactivity Impact Analysis of Parts A and B of the 2023 Criminal History Amendment, United States Sentencing Commission, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/retroactivity-analyses/2023-criminal-history-amendment/202305-Crim-Hist-Amdt-Retro.pdf.

In this case, the defendant is ineligible for a sentence reduction under Part A of Amendment 821 because the defendant was designated as a career offender. Part A of Amendment 821 revised § 4A1.1's rules for calculating a defendant's criminal history category. But § 4A1.1 does not control the criminal history category for career offenders—§ 4B1.1(b) does. Under that section, a career offender's criminal history category is always VI. See U.S.S.G. § 4B1.1(b). As this Court found at the sentencing hearing, the defendant is a career offender and, thus, his criminal history category is still VI. With the defendant's criminal history category unchanged, his guideline range remains the same. As such, the defendant is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered"). For this reason, the Court should deny the defendant's Motion.

### B. *Zero-point offender amendment*

The defendant here also seeks relief based on the zero-point offenders amendment. This provision "provide[s] for] a decrease of two levels from the offense level . . . for defendants **who did not receive any criminal history points** . . . and whose instant offense did not involve specified

5

aggravating factors" (emphasis added). Application to Amendment 821 (Parts A and B, Subpart 1 Only), Amendment to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf.

Specifically, a defendant must meet all the following criteria to be eligible for relief:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

In this case, the defendant is ineligible for a sentence reduction under Part B of Amendment 821 because the defendant has criminal history points. Although the defendant contends that his guideline range should be lower due to § 4C1.1(a)'s two-level reduction, that reduction applies only

6

to defendants with no criminal history points. U.S.S.G § 4C1.1(a)(1).  As explained above, the defendant has criminal history points and, thus, § 4C1.1 is inapplicable to him. As such, the defendant's guideline range remains unchanged and he is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered").  For this reason, the Court should deny the defendant' s Motion.

        C.      *Prior convictions for personal use marijuana*

The defendant's motion also mentions Part C of the Amendments to the Guidelines, which amends the §4A1.3 Commentary to include prior marijuana possession sentences as an example of when a downward departure may be warranted for criminal history reasons.  Specifically, Application Note 3 now reads:

> 3. Downward Departures.—
> (A) Examples.—A downward departure from the defendant's criminal history category may be warranted based on any of the following circumstances:
> (i) The defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.
> **(ii) The defendant received criminal history points from a sentence for possession of marihuana for personal use, without an intent to sell or distribute it to another person.**

U.S.S.G §4A1.3, Application Note 3 (emphasis added).

This provision is inapplicable to this defendant.   The defendant does appear to have two prior marijuana possession convictions that each counted as one point towards his criminal history category.  However, this Guideline amendment does not apply to the defendant because, as discussed

7

above, he was sentenced as a career offender, making these prior convictions moot. Moreover, even if he was not sentenced as a career offender, this Guideline amendment does not lower the defendant's guideline range. *United States v. Hargrove*, 732 F.3d 1253, 1254 n. 1 (11th Cir.2013) (a § 4A1.3 departure is not included in the "applicable guideline range" for the purposes of § 3582(c)(2)"). As such, the defendant is ineligible for a sentence reduction. 18 U.S.C. § 3582(c)(2) (district courts authorized to reduce sentence for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission"); U.S.S.G. § 1B1.10(a)(1) (defendants eligible only where "the guideline range applicable to that defendant has subsequently been lowered"). For this reason, the Court should deny the defendant's Motion.

## IV. Conclusion

Based on the foregoing, the defendant should not be granted relief because the defendant was sentenced as a career offender.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Marton Gyires
    MARTON GYIRES
Assistant U.S. Attorney
Court ID No.: A5501696
500 South Australian Avenue, 4th Floor
West Palm Beach, Florida 33401
Telephone: 561-209-1047
Marton.Gyires@usdoj.gov

8

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF, and mailed a copy to the defendant at:

Emilio Santiago
Reg. No. 73790-004
FCI Edgefield
P.O. Box 725
Edgefield, S.C. 29824

/s/ Marton Gyires
MARTON GYIRES
Assistant United States Attorney